Ronnie Lee **DOWDEN**, Plaintiff–Appellant,

v.

**POLYMER RAYMOND, INC.,** n/k/a Polymer Rubatex, Defendant–Appellee.

No. 91–2894.

United States Court of Appeals, Seventh Circuit.

Argued April 6, 1992.

Decided July 14, 1992.

of the accident in El Paso, Texas. Mr. Dowden filed suit against Polymer Raymond, Inc., n/k/a Polymer Rubatex, claiming that the tarp strap was manufactured by Polymer, that it was dangerous and defective, and that it was distributed with no warnings. The magistrate judge found that Mr. Dowden's employer, Lake States Trucking, had purchased tarp straps manufactured by companies other than Polymer and that therefore Mr. Dowden failed to establish the chain of custody by which the strap in question had reached Lake States. Accordingly, the magistrate judge granted summary judgment in favor of Polymer. Because the record establishes an issue of genuine fact as to whether Polymer manufactured the strap that injured Mr. Dowden, we must reverse.

We review the grant of summary judgment *de novo*, *La Preferida, Inc. v. Cerveceria Modelo, S.A. de. C.V.*, 914 F.2d 900, 905 (7th Cir.1990), viewing the record and all reasonable inferences drawn from it in the light most favorable to the party opposing the motion. *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir.1990). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists if there is sufficient evidence for a jury to return a verdict in favor of the nonmoving party. *Hines v. British Steel Corp.*, 907 F.2d 726, 728 (7th Cir.1990). Summary judgment is not an appropriate occasion for weighing the evidence, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986), and should not be granted if the evidence supports alternate inferences. *Hines*, 907 F.2d at 728. If the record reveals that inferences contrary to those drawn by the

Donald R. Capp, James, James & Manning, Dyer, Ind. (argued), for plaintiff-appellant.

Frank J. Galvin, Eric L. Kirschner, John J. Murphy (argued), Galvin, Stalmack & Kirschner, Hammond, Ind., for defendant-appellee.

Before POSNER and KANNE, Circuit Judges, and BURNS, Senior District Judge.*

KANNE, Circuit Judge.

Ronnie Lee Dowden, a truck driver, was injured when a rubber tarp strap suddenly broke and struck him in the eye as he secured a tarp over the load on his truck. The tarp strap which caused Mr. Dowden's injury was never recovered from the scene

---

* The Honorable James M. Burns, Senior District Judge for the District of Oregon, is sitting by designation.

trial court might be permissible, then summary judgment should be reversed. *Powers v. Dole,* 782 F.2d 689, 694 (7th Cir. 1986).

The party seeking summary judgment bears the initial burden of establishing the absence of any genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. Once the movant has supported its motion, the non-movant has the responsibility of going beyond the pleadings and setting forth specific facts demonstrating the existence of a genuine issue of fact for trial. *Whetstine v. Gates Rubber Co.,* 895 F.2d 388, 392 (7th Cir.1990). "A material fact must be 'outcome determinative under the governing law.'" *Id.* (quoting *Shlay v. Montgomery,* 802 F.2d 918, 920 (7th Cir. 1986)).

■ The parties agree that Texas substantive law governs this diversity suit. *See Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "In Texas, it is a 'fundamental principle of traditional products liability law ... that the plaintiff must prove that the defendant supplied the product which caused the injury.'" *In re Fibreboard Corporation,* 893 F.2d 706, 711 (5th Cir.1990) (quoting *Gaulding v. Celotex Corp.,* 772 S.W.2d 66, 77 (Tex.1989)). Not surprisingly, in a Texas product liability action, the plaintiff has the burden of proving his claim by a preponderance of the evidence. *Flatt v. Johns Manville Sales Corp.,* 488 F.Supp. 836, 838 (E.D.Tex.1980).

■ Mr. Dowden contends that he presented evidence to establish a reasonable inference that Polymer manufactured the tarp strap which caused his injury. He maintains that the magistrate judge improperly weighed conflicting affidavits, ignored his supporting documentary evidence, and failed to draw all inferences in his favor.

Mr. Dowden asserts that Polymer, as manufacturer of the strap responsible for his injury, sold the strap to Cooley, Inc., a wholesale distributor, which in turn sold the strap to B & B Canvas, Inc., a regional distributor, which then sold the strap to Lake States. In his deposition, the plant manager for Polymer acknowledged that Polymer marketed tarp straps of the kind that injured Mr. Dowden. Cooley's vice president testified by deposition that from 1984 through 1986 Cooley received all of its tarp straps from Polymer. Polymer concedes that the deposition also indicates that B & B Canvas purchased tarp straps from Cooley. Two affidavits were submitted by Jerry Youngsworth, the manager of Mr. Dowden's employer, Lake States. In the first affidavit, Mr. Youngsworth stated that in 1985 and prior to November 13, 1986 (the date of the accident) Lake States did not purchase tarp straps directly from Cooley, and that any straps would have been purchased from other distributors in the area. In the second affidavit, Mr. Youngsworth stated that prior to November 13, 1986 Lake States only purchased tarp straps from B & B Canvas "during the time period in question."[1] Attached to this affidavit was a check register from Lake States indicating that Lake States had purchased 50 tarp straps from B & B Canvas on November 3, 1986, ten days before the accident.

Polymer counters that Lake States received tarp straps from at least two distributors, Commercial Tarpaulin and B & B Canvas, in 1986, and that Polymer did not manufacture all of the straps sold by those distributors. By affidavit, the president of Commercial Tarp stated that the company sold up to 2,500 tarp straps to Lake States in 1985 and 1986, and that Mauritzon, Inc., was Commercial Tarp's only supplier. An invoice was submitted which showed that Mauritzon provided tarp straps to Commercial Tarp in February 1985. Polymer also submitted records indicating that Mauritzon purchased tarp straps from Deuer Manufacturing in 1984 and 1985. The latest invoice from Deuer to Mauritzon is

---

1. Polymer suggests that this language is ambiguous. However, any ambiguity is for the finder of fact to consider at trial. *See United States v.* *Faurote,* 749 F.2d 40, 45 (7th Cir.1984) (conflicts in testimony are for jury to consider).

dated November 6, 1985.[2]

Polymer also responds that there is no evidence that Cooley was the only distributor from whom B & B Canvas received tarp straps in 1985 and 1986. In answering Polymer's inquiry whether B & B Canvas had any records showing joint purchases from Mauritzon, B & B Canvas's general counsel stated that the company had no such records. Polymer asserts that this letter does not establish that B & B Canvas did not purchase tarp straps from other distributors. While this may be true, it can be inferred that B & B Canvas did not purchase straps from Mauritzon (because they had no records of any purchases) and, since Polymer only asked whether B & B Canvas had purchased straps from Mauritzon, that Polymer thought Mauritzon was the only other distributor from which B & B Canvas had obtained tarp straps.

It can also reasonably be inferred from the evidence that any tarp straps which Lake States obtained from Commercial Tarp in 1985 would not likely have been available at the time of Mr. Dowden's injury in November 1986, and that his injury was caused by a strap which Lake States had obtained from B & B Canvas just ten days before the accident.

Lake States operated over 90 trucks during the relevant time period. Mr. Dowden testified in his deposition that he used a strap from an unopened package. Therefore, reasonable inferences can be drawn from the evidence which suggest that Polymer manufactured the tarp strap at issue and sold it to Cooley, that Cooley in turn sold the strap to B & B Canvas, and that the strap was then purchased by Lake States from B & B Canvas on November 3, 1986.

Because Polymer has failed to preclude, by undisputed facts, the reasonable inference which could be drawn from the affidavits and depositions before the court that Polymer manufactured the strap that caused Mr. Dowden's injury, the grant of summary judgment in favor of Polymer was inappropriate.

Therefore, the summary judgment entered in favor of Polymer Raymond, Inc., n/k/a Polymer Rubatex, and against Ronnie Lee Dowden is REVERSED, and the case is REMANDED for further proceedings.

---

**2.** Cooley's vice president testified in his deposition that Mauritzon might have distributed Polymer's straps. Citing this testimony, Polymer acknowledges that Mauritzon may have received some of its straps from Cooley.